_____

No. 95-2980
_____

Richard D. Carlson; Dale Summy,   *
                               *
        Petitioners,     *
                               *
    v.                   *   Petition for Review of an Order
                               *   of the United States Department
The United States Department of  *   of Housing and Urban
Housing and Urban Development   *   Development.
(HUD), on behalf of James O.    *
and Delores Bad Horse and      *   [UNPUBLISHED]
Christina Antelope (minor     *
child),                   *
                               *
        Respondent.     *
                _____

Submitted:  March 13, 1996

Filed:  April 5, 1996
_____

Before FAGG, BRIGHT, and WOLLMAN, Circuit Judges.
_____

PER CURIAM.

Richard D. Carlson owned a duplex in Sioux Falls, South Dakota. After Carlson moved out of state, his friend Dale Summy helped Carlson rent the duplex to various tenants. On one occasion Summy rented the building's small upstairs apartment to James O. Bad Horse, who told Summy he would be living in the apartment with his wife and one child. The day the Bad Horses moved in, a tenant living downstairs called Carlson to complain that the Bad Horses had damaged the yard and the building during the move. The complaining tenant also indicated there were four or more people living in the upstairs apartment. Carlson then instructed Summy to ask the Bad Horses to leave. The Bad Horses moved out as requested and filed a housing discrimination complaint. After an investigation, the Secretary of the United States Department of

Housing and Urban Development (HUD) charged Carlson and Summy with family status discrimination. An Administrative Law Judge (ALJ) initially dismissed the charges, but the Secretary remanded the case for reconsideration. On remand the ALJ concluded Carlson and Summy had unlawfully enforced a policy having a disparate impact on families with children, and Carlson had made a statement indicating a preference not to rent to families. The ALJ found no intentional discrimination, however. The ALJ awarded damages to the Bad Horses, imposed civil penalties, and enjoined future discrimination. Carlson and Summy petition for review of the ALJ's final order. See 42 U.S.C. § 3612(i)(1) (1988). We grant the petition and reverse.

The ALJ found Carlson and Summy did not refuse to rent to families with children, but enforced a neutral policy of not permitting more than three people to occupy the upstairs apartment. Based on census data, the ALJ concluded the policy had a disparate impact on families with children and thus violated the Fair Housing Act. See 42 U.S.C. § 3604(a) (1988); United States v. Badgett, 976 F.2d 1176, 1179 (8th Cir. 1992). Carlson and Summy contend the ALJ's decision is not supported by substantial evidence, and we agree. See Morgan v. Secretary of HUD, 985 F.2d 1451, 1457 (10th Cir. 1993). Carlson concedes he preferred to rent the upstairs apartment to three or fewer people because the apartment is small, but the overwhelming weight of the evidence shows Carlson never actually limited the number of occupants in the apartment. Carlson and Summy rented the apartment to anyone who wanted to live there, including families of four. In fact, a family of four moved into the apartment shortly after the Bad Horses left.

The Secretary relies on a letter Carlson wrote HUD which states Carlson asked the Bad Horses to leave because they had a dispute with the tenant downstairs and because Carlson believed there were four people living in the Bad Horses' apartment. The Secretary also points to a letter from Summy containing similar

statements.  We must view the letters in light of the whole record, see id., including Carlson's continuous practice of renting to any size family, his legitimate concern about the downstairs tenant, and his belief that the Bad Horses had lied about the number of people who would be living in their apartment.  The record simply does not support the ALJ's decision that Carlson and Summy were enforcing a three-person maximum when they asked the Bad Horses to move out.

We also reject the ALJ's conclusion that Carlson violated 42 U.S.C. § 3604(c) (1988) by making a statement indicating a preference not to rent to families with children.  The ALJ found Carlson told Summy to rent the upstairs apartment to a "single person, or at most a married couple/two single persons."  Carlson and Summy never mentioned this comment to prospective tenants or anyone else, and there is no substantial evidence that Summy believed Carlson was asking him not to rent to families.  Summy was Carlson's personal friend and knew Carlson had rented to families in the past.  Summy continued to rent the upstairs apartment to families with children, including the Bad Horses and the family that moved in after the Bad Horses.  We see no violation of § 3604(c).

We grant the petition for review and direct the Secretary to dismiss the charges against Carlson and Summy.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-